UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARKIS SARKISIAN and FRANK, ANDRIANAKOS,<br><br>   *Plaintiffs*,<br><br>v.<br><br>OPENLOCKER HOLDINGS, INC,<br><br>   *Defendant*. | Case No.:<br><br>Removed from the Supreme Court of the State of New York, County of New York<br>Ind. No. 652710/2023 |

**TO:** The Clerk of the U.S. District Court for the Southern District of New York

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, OPENLOCKER HOLDINGS, INC. ("OpenLocker"), by and through undersigned counsel and pursuant to 28 U.S.C. §1332, §1441(a) and §1446, hereby gives notice of removal of the above-captioned matter from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, and in support thereof, states as follows:

### I.   BACKGROUND

1. On June 5, 2023, Plaintiffs Sarkis Sarkisian ("Sarkisian") and Frank Andrianakos ("Andrianakos" and, collectively with Sarkisian, the "Plaintiffs") filed a two (2) count complaint against OpenLocker ("Complaint") in the Supreme Court of the State of New York, County of New York, styled as *Sarkisian et al. v. Openlocker Holdings, Inc.*, Index No. 652710/2023 (the "State Court Action").[1]

2. As reflected in the Complaint, Plaintiffs seek damages against OpenLocker in the

---

[1] A true and correct copy of the Complaint is annexed hereto as **Exhibit "A."**

amount of $688,540.00 plus interest, attorneys' fees, and costs. *See* Ex. A, at ¶¶ 20, 22.

3. On or about June 26, 2023, OpenLocker was served with a copy of the Complaint.

4. The Complaint alleges, *inter alia*, that Plaintiffs are the owners of certain Promissory Notes, bearing a principal amount of $407,400.00 with accrued interest of $281,140.00. *See* Ex. A, at ¶ 19.

## II.   BASIS OF FEDERAL JURISDICTION

5. This Court has original jurisdiction of this matter concurrent with the original jurisdiction of the state court, and this matter is removable pursuant to the provisions of Title 28, United States Code, Section 1441(a), in that it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00.  *See* 28 U.S.C. §1332.

### A.   Diversity of Citizenship

6. Diversity of citizenship is apparent from the face of the Amended Complaint and existed both at the time the State Court Action was filed and at the time that this Notice of Removal is being filed as noted below:

   (i)   Plaintiffs are individuals who are domiciled and residing in the Province of Quebec, Canada; and

   (ii)  OpenLocker is an entity organized and existing under the laws of the State of Delaware, with its principal place of business in Palm Beach County, Florida.

*See* Complaint, ¶¶ 1-2; *see also* OpenLocker's corporate entity status from the Florida Secretary of State[2] a true and correct copy of which is attached hereto as **Exhibit "B."**

### B.   Amount in Controversy

---

[2] "[I]t is clearly proper to take judicial notice . . . of such governmental records." *See*, *e.g.*, *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F.Supp.3d 156, 166 (S.D.N.Y. 2015) (collecting cases).

7. The Complaint includes a specific claim for monetary damages. In Count I, Plaintiffs seek to recover liquidated damages of $120,960.00 and in Count II, OpenLocker seeks to recover purported liquidated damages of $688,540.00. *See* Complaint, ¶ 19. Based on the express allegations contained in the Complaint, the amount in controversy patently exceeds the statutory minimum of $75,000.00 as required by 28 U.S.C. § 1332 and this Court may exercise jurisdiction over this matter.

### III.    PROCEDURAL CONSIDERATIONS (TIMELINESS AND VENUE)

8. This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days from the date that OpenLocker was served. Nor has the time within which OpenLocker is required to respond to the Complaint yet expired.

9. No proceedings concerning the State Court Action have been held in New York County Supreme Court. The Complaint constitutes the entire Court file in the State Court Action and all process and pleadings received by OpenLocker in the State Court Action.

10. Upon filing of this Notice of Removal, OpenLocker will provide written notice to Plaintiffs of this action and will file a copy of the Notice of Removal with the Clerk of the Court for the Supreme Court of the State of New York, County of New York.

11. Venue is proper in this court under 28 U.S.C. §1441(a), because this district and division embrace the place in which the removed State Court Action has been pending. The Supreme Court of the State of New York, County of New York, is located within the Southern District of New York. Further, the attachments accompanying this Notice of Removal constitute all process and pleadings served by Plaintiffs on OpenLocker.

## IV.  CONCLUSION

12. Based on the foregoing, OpenLocker hereby removes this action from the New York County Supreme Court to the United States District Court for the Southern District of New York.

                      Respectfully submitted,

                      /s/ *Asaad K. Siddiqi*
                      Asaad K. Siddiqi, Esq.
                      TRENK ISABEL SIDDIQI & SHAHDANIAN
                      50 Broadway, Suite 100
                      New York, New York 10004
                      (973) 533-1000

                      -   and   -

                      Robert F. Salkowski, Esq.
                      Florida Bar No.: 903124
                      (*pending admission pro hac vice*)
                      Michael D. Braunstein, Esq.
                      Florida Bar No.: 1003845
                      (*pending admission pro hac vice*)
                      ZARCO EINHORN SALKOWSKI, P.A.
                      *Counsel for Defendant*
                      One Biscayne Tower
                      2 S. Biscayne Blvd., Suite 3400
                      Miami, Florida 33131
                      Telephone: (305) 374-5418
                      Telecopier: (305) 374-5428

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF on this 17th day of July 2023 on Plaintiffs' counsel: **Paul Goodman, Esq.** (pgoodman@cshzlaw.com), Cyruli, Shanks & Zizmor LLP, 420 Lexington Avenue, Suite 2320, New York, New York 10170.

TRENK ISABEL SIDDIQI & SHAHDANIAN

By: /s/ *Asaad K. Siddiqi*
   Asaad K. Siddiqi