UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------
SARKIS SARKISIAN and FRANK
ANDRIANAKOS,

    Plaintiffs,

  -v-

OPENLOCKER HOLDINGS, INC,

    Defendant.
---------------------------------------

23-cv-6154(JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

    Before the Court is the motion to dismiss or to transfer venue of defendant OpenLocker Holdings, Inc. ("OpenLocker") (Dkt. 10). Openlocker argues that this court lacks personal jurisdiction over the action and venue is improper here. In the alternative, Openlocker argues this case should be transferred to the Southern District of Florida. For the reasons set forth herein, the Court finds that it lacks personal jurisdiction over this action, and accordingly grants Openlocker's motion to dismiss.

    I.  **Background**

    This is an action to recover on two promissory notes. The notes were originally issued by Openlocker to CSI Business Finance in September 2006. Verified Complaint ("Compl.") ¶¶ 6-7 (Dkt. 2-1). At

1

the time, Openlocker was operating under the name W Technologies, Inc. *Id.* In June of 2015, CSI Business Finance sold the promissory notes to an individual, Serge Mersillan, who then assigned the notes to the plaintiffs in this action Sarkis Sarkisian and Frank Andrianakos. Compl. ¶¶ 8-9. The maturity date on the promissory notes was originally December 31, 2019, but that date was extended to December 31, 2021. Compl. ¶ 13. According to the complaint, Openlocker defaulted on the notes and, at the time the complaint was filed, Openlocker owed plaintiffs $688,540.00 in unpaid principal and accrued interest. Compl. ¶¶ 14, 19. Plaintiffs seek to recover the amount, as well as contractually authorized attorenys fees. *See* Compl. ¶¶ 19, 21.

This action was originally filed in New York state court, but Openlocker subsequently removed the case to federal court on the basis of diversity jurisdiction. *See* Notice of Removal (Dkt. 2). Openlocker is a Delaware corporation, with its principal place of business in Palm Beach County, Florida. Compl. ¶ 2; Notice of Removal ¶ 6. Plaintiffs are citizens of the Province of Quebec, Canada. Compl. ¶ 1.

Openlocker has now moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) on the grounds that this court lacks personal jurisdiction and that venue is improper in this district. *See* Mem. ISO Mot. to Dismiss (Dkt. 10-2). In the alternative, Openlocker asks this court to transfer the case to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). *Id.*

## II. Discussion

"To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege (1) that a defendant has certain minimum contacts with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013) (internal quotation marks omitted).

"For purposes of this initial [minimum contacts] inquiry, a distinction is made between 'specific' jurisdiction and 'general' jurisdiction." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018) (citation omitted). "Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contact with the forum, and general jurisdiction is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 269 (2d Cir. 2023) (internal quotation marks omitted).

Here, plaintiffs contend that Openlocker is subject to both general and specific jurisdiction in New York. Because the Court concludes that under either test for jurisdiction, the constitutionally required minimum contacts are lacking, it need not reach the second step of the personal jurisdiction analysis or decide whether New York's long-arm statute is otherwise satisfied. *See Porina v. Marward Shipping Co.*, 521 F.3d 122, 129 (2d Cir. 2008).

3

### A. General Jurisdiction

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." *SPV Osus Ltd.*, 882 F.3d at 343 (citation omitted). "'The inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic,' but 'whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State.'" *Id.* (quoting *Daimler*, 571 U.S. at 122). Except in "truly 'exceptional' case[s], a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).

Openlocker argues that it has no contacts with New York that would establish general jurisdiction here. In support of its motion to dismiss, Openlocker has submitted the declaration of its current CEO Howard Gostfrand. *See* Declaration of Howard Gostfrand ("Gostfrand Decl.") (Dkt. 10-1). The declaration states that Openlocker is incorporated in Delaware, has its principal place of business in Palm Beach County, Florida, has never maintained offices in New York, has

4

no employees in New York, and does not currently transact business in New York. Gostfrand Decl. ¶¶ 4, 8-9, 11-12.

In contrast, plaintiffs' complaint contains no allegations to support personal jurisdiction in New York beyond the conclusory allegation that "[u]pon information and belief, Defendant has done and/or continues to do business and transact business within the State of New York." Compl. ¶ 3. In their opposition to Openlocker's motion to dismiss, plaintiffs attempt to correct this deficiency by presenting evidence that, according to plaintiffs, proves that the Chief Executive Officer of Openlocker from July 2021 to November 2021 -- Aleksandr Rubin -- was based in New York. See Opp. at 7-9. According to plaintiffs, this demonstrates Openlocker has (or at least had) its principal place of business in New York.

As an initial matter, plaintiffs have not established that Rubin was based in New York during his tenure as CEO of Openlocker. Plaintiffs offer just two pieces of evidence to support this factual contention. First, plaintiffs point to Rubin's public "Pitchbook" profile, which stated (in 2023) that "[h]e is based out of New York," although it says nothing about his residence in 2021. Opp. at 8. Second, plaintiffs point to Rubin's public "LinkedIn" profile, which indicates that was "Managing Director" of "Fort Lawton Capital LLC" from November 2018 to January 2022. Declaration of Paul Goodman ("Goodman Decl.") Ex. A (Dkt. 14-2). Because Fort Lawton Capital LLC's website lists a New York address, plaintiffs ask this court to infer

that Rubin must have been based in New York during that time. *See id.*; Opp. at 8.[1]

In response, Openlocker submitted a declaration by Rubin himself, which refutes any inference that he was based in New York while CEO of Openlocker. In it, Rubin declared that he has been a resident of Florida since 2021 and has had a Florida Driver's License since April 2021. Declaration of Aleksander Rubin ("Rubin Decl.") ¶¶ 2-6 (Dkt. 17-1). Rubin's declaration further states that during his tenure as CEO, Openlocker maintained its principal place of business in Palm Beach County, Florida, and that, to the best of his knowledge, Openlocker "has not engaged in any conduct such that it could reasonably expect to be haled into court in the state of New York." *Id.* ¶¶ 5, 8-9.

Even were the Court to assume that Rubin resided in New York and conducted business here during his tenure as CEO, that would still be insufficient to establish general jurisdiction. The CEO of a company, however important, is just one individual. Based upon the present record, the fact Rubin conducted company business in New York -- even if proven – would be insufficient by itself to demonstrate the company as a whole is "essentially at home" in this state. *See SPV Osus Ltd.*, 882 F.3d at 343 (noting that, to establish general jurisdiction, it is not enough to show that a company has "continuous and systematic"

---

[1] Plaintiffs also point out that Rubin's LinkedIn profile indicates Rubin worked at New York-based employers before and after his tenure as CEO of Openlocker, although it is not clear why that fact would be probative of his residence while serving as CEO. *See* Opp. at 8.

6

contacts with the forum state unless those contacts are "so continuous and systematic as to render it essentially at home in the forum State." (quoting *Daimler*, 571 U.S. at 122)).

This is particularly true given that Rubin was CEO of Openlocker for only four months. Evaluating whether a defendant has had sufficiently "continuous and systematic" contacts with a forum "necessarily requires that courts evaluate the defendant's contact with the forum state over time." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569 (2d Cir. 1996). While there is no bright-line rule for how long a period a court must consider, courts typically require the "continuous and systematic" contacts occur over a period of years "up to and including the date the suit was filed." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 128 (2d Cir. 2008) (quotation omitted); *see, e.g.*, *Metro Life*, 84 F.3d at 569 (holding that district court committed reversable error by limiting timeframe of analysis to the single year prior to the filing of the action); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 410 (1984) (analyzing defendant's contacts with forum over the course of prior seven years). Even if Rubin was based in New York during his four-month tenure as CEO -- which ended almost two years ago -- such a brief foray into this state would be plainly insufficient to establish general jurisdiction over Openlocker.

B. **Specific Jurisdiction**

The extent and degree of minimum contacts required to establish specific personal jurisdiction is far less onerous than what is

7

required to establish general jurisdiction. However, unlike general jurisdiction, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919. "In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 264 (2017) (internal quotation marks omitted). In the absence of such a connection, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.*

Plaintiffs argue that this court has specific jurisdiction over their claims for essentially the same reason they contend it has general jurisdiction: "Defendant transacted business in New York by purposefully availing itself of the privilege of conducting activities within New York during the Relevant Time Period via maintaining its principal place of business within New York." Opp. at 9-10 (internal quotation marks omitted). As explained above, plaintiffs have failed to establish Openlocker has at any point maintained its principal place of business in New York. But even setting this aside, plaintiffs have failed to establish any connection whatsoever between New York and the claims underlying this litigation.

The promissory notes at issue in this case were issued in 2006. Compl. ¶¶ 6-7. The notes were acquired by plaintiffs in 2015. *Id.* ¶ 9. The maturity date of the notes was originally December 31, 2019, but

8

in July 2019, the maturity date was extended to December 31, 2021. *Id.* ¶ 13. Defendants' alleged default on the notes occurred on December 31, 2021. *Id.* The complaint does not allege, and plaintiffs present no evidence that suggests, that any of these events occurred in New York. Indeed, the only contacts with New York that plaintiffs have identified allegedly occurred between July and November of 2021, and none of the aforementioned events giving rise to liability occurred during that time period. Accordingly, plaintiffs have failed to establish the requisite nexus between New York and their claims to support specific jurisdiction.

### III. Conclusion

For the reasons stated above, the Court concludes that it lacks personal jurisdiction over this action. Accordingly, Openlocker's motion to dismiss pursuant to FRCP 12(b)(2) is granted, and this action is hereby dismissed without prejudice.[2]

SO ORDERED.

New York, NY
October 27, 2023

_____
JED S. RAKOFF, U.S.D.J.

---

[2] Openlocker asks this court, in the alternative, to transfer the case to the Southern District of Florida. While this Court has authority to transfer the action to a district where personal jurisdiction would be proper, *see SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n.9 (2d Cir. 2000), the Court declines to do so here. Plaintiffs object to the transfer request and dispute that the Southern District of Florida is the appropriate forum for this suit. Plaintiffs should be allowed to refile in a venue of their choosing.

9